UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIEL LACHMAN,<br><br>Plaintiff,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendant. | Case No. 2:26-CV-468-GSL-JEM |

# PRELIMINARY INJUNCTION ORDER

Plaintiff Daniel Lachman ("Lachman") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Lachman's Motion in part as follows.

This Court finds Lachman has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 13, 2026, (Dkt. 15) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Indiana. Specifically, Lachman has provided a basis to conclude that Defendants have targeted sales to Indiana residents by setting up and operating

e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Indiana, and have sold products using infringing and counterfeit versions of Lachman's federally registered trademarks (the "Lachman Trademarks") to residents of Indiana. In this case, Lachman has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Indiana residents by operating one or more commercial, interactive internet stores through which Indiana residents can and do purchase products using counterfeit versions of the Lachman Trademarks. *See* Docket No. 7, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Indiana bearing infringing and/or counterfeit versions of the Lachman Trademarks.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Lachman's previously granted Motion for Entry of a TRO establishes that Lachman has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Lachman will suffer irreparable harm if the injunction is not granted.

Specifically, Lachman has proved a *prima facie* case of trademark infringement because (1) the Lachman Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the Lachman Trademarks, and (3) Defendants' use of the Lachman Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Lachman. Furthermore, Defendants' continued and unauthorized use of the

Lachman Trademarks irreparably harms Lachman through diminished goodwill and brand confidence, damage to Lachman's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Lachman has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Lachman Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Lachman product or not authorized by Lachman to be sold in connection with the Lachman Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Lachman product or any other product produced by Lachman, that is not Lachman's or not produced under the authorization, control, or supervision of Lachman and approved by Lachman for sale under the Lachman Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Lachman, or are sponsored by, approved by, or otherwise connected with Lachman; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Lachman, nor authorized by

Lachman to be sold or offered for sale, and which bear any of Lachman's trademarks, including the Lachman Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Lachman's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ("Amazon"), eBay, Inc., Etsy, Dhgate, Temu, Shein, Shopify, Qoo10 Pte Ltd. d/b/a Wish.com ("Wish.com"), Walmart (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Lachman expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, AliExpress, Alibaba Group Holding Ltd. (“Alibaba”), Ant Financial Services Group (“Ant Financial”), Amazon.com, Inc., ("Amazon"), Amazon Pay, eBay, Inc., Etsy, Dhgate, Temu, Shein, Shopify, Qoo10 Pte Ltd. d/b/a Wish.com (“Wish.com”), Walmart, PayPal, Inc. (“PayPal”), Stripe, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Lachman’s request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Lachman Trademarks.

5. Any Third Party Providers, including AliExpress, Alibaba Group Holding Ltd. (“Alibaba”), Ant Financial Services Group (“Ant Financial”), Amazon.com, Inc., ("Amazon"), Amazon Pay, eBay, Inc., Etsy, Dhgate, Temu, Shein, Shopify, Qoo10 Pte Ltd. d/b/a Wish.com (“Wish.com”), Walmart, PayPal, Inc. (“PayPal”), Stripe, Payoneer, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants’ seller aliases, including, but not limited to, any financial accounts connected to the information listed in

Schedule A hereto, the e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Schedule A to the Pleading(s) (Dkt. 2), Exhibit 2 to the Declaration of Daniel Lachman (Dkt. 7), and the TRO (Dkt. 15_ are unsealed.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Indiana Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. The $9,000.00 bond posted by Lachman shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED.

ENTERED: November 13, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

# Schedule A

| Doe | Platform | Store Name | Merchant ID |
|---|---|---|---|
| 1 | Amazon | PASOPRO | A1WVLSWLEWN3K7 |
| 2 | Amazon | Ohleats | A39JD8DY40V7GD |
| 3 | Amazon | DXNQ | A1YTIT8GRIL34U |
| 4 | Amazon | Yourkar | A1RBDKJMF8I9EC |
| 5 | Amazon | ANGEL CITIZ | A24QGBKNXJC2EG |
| 6 | Amazon | YSFR | A1OX3YHYK8TOTD |
| 7 | Amazon | Xiqaler | A3D3SW0ZP5UPXW |
| 8 | Amazon | Xuphuyb | A27WPZJIMQD258 |
| 9 | Amazon | YTFRL | A27CSHVGMJNBSP |